UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
RAYMOND J. FALLICA,

       Plaintiff,

 -against-

NORTH SHORE UNIVERSITY HOSPITAL,
STATE OF NEW YORK, SMITH, CARROAD,
LEVY & WAN,

       Defendants.
------------------------------------------------------------X

ORDER
13-CV-00673 (JFB)(AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 17 2014 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff commenced this action on February 5, 2013, alleging that North Shore University Hospital (the "Hospital"), Smith, Carroad, Levy & Wan (the "Law Firm"), and the State of New York (the "State") violated the False Claims Act, 31 U.S.C. § 3729, the Civil Rights Act, 42 U.S.C. § 1983, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* The State moved to dismiss on March 12, 2013. The Hospital and the Law Firm moved to dismiss on March 25, 2013. Plaintiff filed an opposition to both motions on May 1, 2013. By order dated June 12, 2013, the Court referred the motions to Magistrate Judge Tomlinson for a Report and Recommendation.

On February 26, 2014, Magistrate Judge Tomlinson issued a Report and Recommendation (the "R&R"), recommending that both motions to dismiss be granted in their entirety. The R&R did not recommend that plaintiff be granted leave to amend his complaint.

The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. The same paragraph informed plaintiff that the failure to file

1

objections within the 14-day period would waive the right to appeal the order of this Court, and also directed counsel for the Hospital and the Law Firm to serve a copy of the R&R on plaintiff by overnight mail and first-class mail. Counsel for the Hospital and the Law Firm filed with the Court an affidavit of service, stating that plaintiff was served with a copy of the R&R by overnight mail and first-class mail on February 27, 2014. No objections have been filed to date, although the date for filing any objections has expired.

Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, the district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas v. Arn*, 474 U.S. at 155)).

Although no objections have been filed, and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS IN PART the well-reasoned and thorough R&R. However, even though plaintiff has not filed any objections to the R&R, the Court has considered whether plaintiff, who is proceeding *pro se*, should be afforded leave to amend his complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that, where plaintiff proceeds *pro se*, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (internal citations and quotation marks omitted)). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Under this liberal standard, the Court has determined that plaintiff should be afforded the opportunity to re-plead his False Claims Act and RICO claims against the Hospital and the Law Firm. Although Magistrate Judge Tomlinson has identified numerous defects in the complaint as it relates to these claims, and it appears unlikely (based upon the allegations in the complaint) that plaintiff will be able to correct those defects and assert a plausible claim under these statutes, the Court, in an abundance of caution, will give plaintiff one opportunity to re-plead, if he wishes, to attempt to correct the defects. However, even under the liberal standard of Rule 15, the Court finds that any attempt to amend the complaint to state a claim against the State would be futile because the Eleventh Amendment bars plaintiff's claims against the State. Likewise, where neither the Hospital nor the Law Firm are state actors, plaintiff should not be given an opportunity to re-plead his Section 1983 claim against the Hospital and the Law Firm. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it.

Repleading would thus be futile.").

Accordingly, IT IS HEREBY ORDERED that the Hospital and Law Firm's motion to dismiss is granted, without prejudice to plaintiff filing an amended complaint against the Hospital and Law Firm in accordance with this Order. **Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear docket number 13-CV-00673 (JFB)(AKT). Plaintiff shall file an amended complaint within thirty (30) days from the date of this Order, and his failure to do so will lead to the dismissal of his claims with prejudice.** IT IS FURTHER ORDERED that the State's motion to dismiss is granted with prejudice.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 17, 2014
Central Islip, NY